UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | File No. 25-cr-0179 (JMB/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Cory Allen McKay, | |
| Defendant. | |

---

This case is before the Court on a Report and Recommendation (R&R) issued by Magistrate Judge Leo I. Brisbois. (Doc. No. 33.) Magistrate Judge Brisbois recommends denying Defendant McKay's Motion to Suppress (Doc. No. 21) because McKay failed to establish the factors necessary for suppression. (Doc. No. 33 at 15–16.) For the following reasons, the Court overrules McKay's objections, adopts the R&R, and denies McKay's Motion to Suppress.

## BACKGROUND

The factual background for this matter is set forth in the R&R and is incorporated here by reference. In summary, the Court highlights the following facts. On June 11, 2024, Michael Ross, a FedEx Senior Security Specialist based in Minneapolis, reviewed a report of packages en route to a FedEx location in Fargo, North Dakota. (Doc. No. 28 at 29.) Ross noticed that one of the packages in the report (the Package) was shipped using an account number that had previously been used to ship a package containing contraband. (*Id*.) Ross then reached out to the senior manager at the FedEx location in Fargo and instructed the manager to intercept and inspect the Package. (*Id*. at 31–32.) Upon

inspection and search, the FedEx employee discovered that the Package held ten saran-wrapped baggies, each containing a white substance. (*Id.*) At this point, Ross contacted law enforcement (for the first time) concerning the Package, sending a text message to Detective Bret Witte from the Cass County Drug Taskforce. (*Id.* at 16–17.) Witte took possession of the Package, which was then inventoried and turned over to the Moorhead Police Department. (*Id.* at 10–13.) Ross and Witte had contacted each other before in situations like this, and Witte had a "working relationship" with FedEx. (*Id.* at 17.)

The Government charged McKay with the following two Counts: (1) conspiracy to distribute 500 grams or more of a mixture and substance containing a detectible amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) 841(b)(1)(A), and 846; and (2) attempted possession with the intent to distribute 500 grams or more of a mixture and substance containing a detectible amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Doc. No. 1.) McKay has entered not guilty pleas to these charges, and on June 6, 2025, McKay filed the motion to suppress. (Doc. No. 21.)[1] After a hearing and supplemental briefing, the Magistrate Judge issued the R&R recommending denial of the motion. (Doc. No. 33.)

## DISCUSSION

McKay objected to the R&R and argued that evidence discovered from the search of the Package conducted by FedEx should be suppressed because FedEx was operating as

---

[1] The Magistrate Judge also addressed the parties' discovery motions (Doc. Nos. 16, 19, and 20) and issued an order on those motions in addition to the recommendation to deny the suppression motion. Neither party requests review of the Magistrate Judge's order on these motions. Nevertheless, the Court has reviewed these matters as well and concurs with the Magistrate Judge's analysis and decision regarding each motion.

a government agent at the time of the search.[2]  (Doc. No. 21.)  Upon de novo review, *see* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); D. Minn. L.R. 72.2(b), the Court agrees with the Magistrate Judge that McKay failed to establish, by a preponderance of the evidence, the factors necessary to suppress searches by a private individual acting as a government agent.

The Fourth Amendment protects against unreasonable searches and seizures by government officials, but generally, it does not apply to searches made by a private individual.  *United States v. Gonzalez*, 81 F.3d 422, 427 (8th Cir. 2015); *United States v. Mithun*, 933 F.2d 631, 634 (8th Cir. 1991); *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).  As an exception to this general rule, however, the Fourth Amendment can apply to actions of a private individual who acted as a government agent at the time of the search or seizure.  *United States v. Avalos*, 984 F.3d 1306, 1308 (8th Cir. 2021) (explaining that the Fourth Amendment is wholly inapplicable "to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the government or with the participation or knowledge of any governmental official" (quotation omitted).  Courts consider the following three factors to determine whether a private individual is acting as a government agent: "[1] whether the government had knowledge of and acquiesced in the intrusive conduct; [2] whether the citizen intended to assist law enforcement agents or

---

[2] Initially, McKay's Motion to Suppress included other issues, but McKay narrowed the motion to the single issue of whether Ross was acting as a government agent.  (Doc. No. 33 at 6 ("Other than his argument that the FedEx employee was operating as a government agent . . . Defendant does not challenge the search of the package.").)  Thus, the R&R did not address these other issues and there are no unobjected-to portions of the R&R for the Court to review.

3

instead acted to further [the citizen's] own purposes; and [3] whether the citizen acted at the government's request." *United States v. Highbull*, 894 F.3d 988, 992 (8th Cir. 2018) (citation omitted). Defendants seeking suppression bear the burden of establishing these three factors by a preponderance of the evidence. *Id.*

In this case, McKay cannot establish any of the three factors. Importantly, McKay conceded that no law enforcement officers or government officials had prior knowledge of the decision to search the package. (Doc. No. 34 at 4.) Nevertheless, McKay argued that FedEx—in order to avoid both criminal prosecution and the costs of testing suspected controlled substances—has formed a "close relationship" with the Government and generally cooperates with law enforcement "in the case of packages containing controlled substances." (Doc. No. 30 at 30–31; Doc. No. 34 at 4–7.) Indeed, McKay argued that FedEx has become a government agent because the Government "impose[s] its regulatory might upon FedEx, such that FedEx is obliged to institute the search-and-report scheme under threat of criminal prosecution." (Doc. No. 34 at 7.) The Court is not persuaded by McKay's argument.

First, the Court concludes that McKay did not establish that government officials had knowledge of and acquiesced in the intrusive conduct. As a legal matter, McKay directed the Court to no case—and the Court is aware of none—holding that the general regulatory function of government transforms regulated entities into government agents, or otherwise satisfies any of the applicable factors.[3] Nor did McKay cite to any legal

---

[3] McKay relied primarily on a Ninth Circuit decision affirming the suppression of a search by a private individual working for an airline company. *United States v. Walther*, 652 F.2d 788, 790 (9th Cir. 1981). That case, however, does not create a legal rule converting all

4

precedent that a private individual's concerns about a future risk of criminal prosecution is sufficient to satisfy the first or third factor. As the Magistrate Judge correctly observed, "a private actor's cooperation with law enforcement—even a history of ongoing cooperation—does not indicate that the government had prior knowledge of and acquiesced in subsequent private actor intrusive conduct." (Doc. No. 33 at 11) (citing *United States v. Malbrough*, 922 F.2d 458, 462 (8th Cir. 1990); *United States v. Parker*, 32 F.3d 395, 399 (8th Cir. 1994); *United States v. Gonzalez*, 781 F.3d 422, 427 (8th Cir. 2015)).

In addition, as a factual matter, even assuming that courts could infer the government's acquiescence to, or imply a government agent's request for, a private search, the evidence presented in this case does not support either implication. McKay tried to draw support from the decision in *Walther*, 652 F.2d 788, but those facts render that Ninth Circuit decision inapplicable here. Unlike Ross and the FedEx supervisor who inspected the Package in this case, the private actor in *Walther* was a paid confidential informant for the United States Drug Enforcement Administration (DEA) who had been working for the DEA in that capacity for several years prior to conducting the challenged search. *Id.* at 790. Contrary to McKay's argument, the testimony of Ross merely indicated that FedEx is a reputable company, and as such, its employees report criminal activity to law enforcement when they observe it. (Doc. No. 28 at 3, 40.) Absent any evidence of some unique relationship with law enforcement or a higher degree of participation from some

---

employees of regulated companies into government agents. In addition, as noted below, the facts of that case are readily distinguishable from those at issue in this matter. The private actor was a paid confidential informant for the United States Drug Enforcement Administration (DEA) who had been working for the DEA in that capacity for several years prior to conducting the challenged search. *Id.*

government agent prior to the inspection of the Package, the evidence before the Court does not support Defendant's argument. Thus, the first factor favors denial of the motion.

Second, the record is also insufficient to establish that Ross acted to further the interests of law enforcement rather that his or FedEx's own interests. Courts have clarified that this factor is not satisfied by evidence indicating that a private individual was motivated by a desire to assist the government either as a means of protecting themselves or by the "simple but often powerful convention of openness and honesty." *See Untied States v. Huber*, 404 F.3d 1047, 1054 (8th Cir. 2005) (quoting *Coolidge v. New Hampshire,* 403 U.S. 443, 488 (1971)). In *United States v. Smith*, for example, a law enforcement officer conducting a parcel interdiction operation at a FedEx facility suspected that a package contained illicit drugs. 383 F.3d 700, 703 (8th Cir. 2004). The law enforcement officer took the package, submitted it to a drug detection canine who alerted on the package, gave the package to a FedEx employee, and suggested that the employee open the package. *Id.* Even though the officer "certainly knew of, and acquiesced in, the opening of the package," the Eighth Circuit concluded that the private individual was not acting as an agent of the government because there was no evidence that the individual "felt she was obligated to open the package" or that she was "motivated solely or even primarily by the intent to aid the officers." *Id.* at 705. Because "a commercial carrier such as FedEx has a 'duty to refrain from carrying contraband,' and such a carrier's employees may act to ensure compliance with that duty," the private individual did not act to further the interests of law enforcement, and the defendant did not establish the second factor. *Id.* at 705–06 (quoting *Illinois v. Andreas*, 463 U.S. 765, 769 n.1 (1983).

In this case, the record establishes that Ross made the decision to have the Package inspected and searched out of a desire to make sure FedEx did not face "some legal ramifications" that might occur "if they're finding packages and not doing anything about it." (Doc. No. 28 at 40.)  Given this testimony and given the absence of any evidence that Ross felt obligated to open the Package or that Ross was motivated primarily by a desire to aid Witte, the Court is compelled to reach the same decision as the court in *Smith*.  The record does not contain sufficient evidence to establish the second factor.

Third, the evidence presented is also insufficient to establish that Ross acted at the Government's request.  McKay's arguments here are unpersuasive for similar reasons as the arguments made concerning the first factor.  McKay conceded that no law enforcement officers or government officials had prior knowledge of the FedEx employees' decision to search the Package.  (Doc. No. 34 at 4.)  As a result, no government official actually requested the search of the Package.  Nevertheless, McKay argued that government officials impliedly requested the search of the Package because the search "was conducted under a policy and course of conduct instituted to obey the government's command, under penalty of prosecution or other official penalty."  (Doc. No. 34 at 8.)  Absent binding legal authority to support this argument, FedEx's general policy does not create an implied request to search packages by government officials.  Moreover, the uncontested evidence in the record is that no government official knew of the Package or of Ross's decision to search the Package (Doc. No. 28 at 28–31), and therefore, the record does not contain evidence of a government official's implied request to Ross.

7

In sum, none of the three factors have been established and the Court concurs in the analysis of the Magistrate Judge. Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, IT IS HEREBY ORDERED THAT:

1. The Objections to the Report and Recommendation (Doc. No. 34) are OVERRULED.

2. The Report and Recommendation (Doc. No. 33) is ADOPTED in full.

3. Defendant's Motion to Suppress (Doc. No. 21) is DENIED.

Dated: October 31, 2025

/s/ *Jeffrey M. Bryan*
Honorable Jeffrey M. Bryan
United States District Court